(January 31, 1995)

■ In the Matter of CATHERINE G., Petitioner, v MICHAEL DOWLING, as Commissioner of New York State Department of Social Services, et al., Respondents. [622 NYS2d 16]

—Determination of respondent Michael Dowling, Commissioner of the New York State Department of Social Services, dated November 23, 1993, which upheld the decision of respondent Barbara J. Sabol, Commissioner of the New York City Department of Social Services, which upheld the decision of respondent Harlem Dowling-Westside Center for Children and Family Services, to remove three foster children from petitioner's home, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78, (transferred to this Court by order of the Supreme Court, New York County [Walter B. Tolub, J.], entered May 27, 1994) is dismissed, without costs.

Substantial evidence supports the finding of the Administrative Law Judge, who was in the best position to determine the credibility of the witnesses, that the child care agency, Harlem Dowling-Westside Center for Children and Family Services, did not abuse its discretion by removing the three foster children from petitioner's home after the eldest child, at the age of six, was found to have contracted a sexually transmitted disease while in petitioner's care and all of the children demonstrated that they had been exposed to inappropriate sexual contact while in petitioner's care, especially where the named abuser was the petitioner's teenage grandson (who still resides nearby) and where the petitioner has demonstrated an inability both to accept that the abuse occurred and to comprehend the significance thereof. Under the circumstances present here, the Agency's decision to remove the children from petitioner's care was reasonably based (Social Services Law §§ 383, 400; *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179, quoting *Matter of Stork Rest. v Boland*, 282 NY 256, 273). Concur—Murphy, P. J., Rosenberger, Ross, Asch and Nardelli, JJ.